THE NEW YORK AND GREENWOOD LAKE RAILWAY COMPANY v. THE NEW JERSEY ELECTRIC RAILWAY COMPANY.

1. The same character or degree of care to avoid collision must be exercised by those operating an electric car along a public highway, in approaching and going over a steam railroad crossing of such high-

way, as is required to be exercised by one driving or operating any ordinary vehicles along and over such railroad crossing; and they must look and listen for the approaching train, and if such care be not exercised, the electric railway company will be liable to the steam railroad company for injuries arising thereto by reason of collision, unless the negligence of the servants of the railroad company contributed to the accident.

2. The steam railroad has the right of way over such crossing, to run at such high rate of speed as it chooses, and ordinarily it exercises all the care required when the whistle of the locomotive is sounded or its bell rung, at the distance required by the statute, from the crossing, and the sound of the bell or whistle continued until the crossing is passed, but this it is bound to do, and if the neglect to so sound such whistle or ring such bell contributes to the collision and injury, the railroad company will be prevented from a recovery for injuries arising thereto by reason of the collision.

3. The fact that the electric company and the railroad company have an agreement between each other, providing for a derailing switch on the tracks of the electric railway, as a precaution against collision at such crossing, and providing also in addition thereto that before an electric car shall be permitted to pass over such crossing, the conductor of the electric car, who shall be operating such derailing switch, shall look in both directions and listen for the approach of the railroad train, will not excuse the railroad company from giving the statutory signals as a warning of such approach, and where the neglect to give such signal in an action on the part of the railroad company against the electric company appears as contributing to the collision, the railroad company cannot recover, notwithstanding the negligence of the conductor of the electric car in operating the derailing switch, and his neglect to look in both directions and to listen for the approach of the train.

4. Questions of dispute of matters of fact relating to the negligence of the one party and the contributory negligence of the other, are properly submitted to the jury.

On rule to show cause.

Argued at November Term, 1896, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and LIPPINCOTT.

For the plaintiff, *Cortlandt Parker.*

For the defendant, *William B. Gourley.*

The opinion of the court was delivered by

LIPPINCOTT, J.    The defendant is the operator of an electric street railway running from Paterson to Passaic and Rutherford, and along the Little Falls road, in the county of Passaic, in this state.    The railroad of the plaintiff crosses the Little Falls road, which is a public highway, at a place called Singac, in the county of Passaic, and also crosses the electric street railway of the defendant which runs along said road at this point.

On the 2d day of September, 1895, a locomotive, hired from another railroad company, and a train of cars, both operated by the plaintiff, and an electric car of the defendant company, came into collision at this crossing.

The track of the plaintiff, at or about this point, was torn up and injured, and the plaintiff was compelled to redeem the tickets of its passengers on such train.    It now sues the defendant for the costs of the repair to the track, such of its cars as were injured, and the money lost in the redemption of the tickets of its passengers, on the ground that the collision was caused by the negligence of the motorman and conductor of the electric car in driving upon the crossing.

The evidence shows that there was, at the time of this accident, on the track of the electric railway, about fifty feet from the rails of the steam railway, what is called a derailing switch.    If the electric car passes that switch whilst it is in its usual condition, the car is derailed.    In order that the car can proceed beyond this point and pass over the tracks of the steam railroad, the switch must be closed, and in order to close it the conductor of the electric car is required to go forward, cross over the tracks of the steam railroad to a lever placed in the ground there, and by raising the lever, close the switch, so that the motorman can run his car along and over the tracks of the steam railroad.

The proof shows that the conductor in charge of the electric car, on the day in question, at a point beyond the derailing switch, left the car and walked across the tracks of the railroad, stooped down and raised the lever which closed the

switch, and when that was done the motorman moved his car past the derailing switch and up to the tracks of the steam railroad, and in attempting to get across the car was struck by the locomotive.

This derailing switch and its operation is provided for by agreement in writing between the plaintiff and defendant, but it is not perceived in what manner the case can at all be controlled by such agreement, and these particular facts are stated, as a part of the evidence and circumstances in the case, as bearing upon the question of whether the conductor and motorman, or either of them, were negligent in their duty in approaching and going over the railroad tracks with the car, and if so, whether the accident arose from such negligence.

The plaintiff contended that such negligence existed and that recovery should be had.

The contentions of the defendant were, first, that all the care required by law was exercised by the conductor and motorman in approaching the crossing, and second, that the plaintiff company itself was in default of its duty in approaching this crossing by reason of the negligence of the engineer in failing to sound the whistle or ring the bell on the locomotive nine hundred feet from the crossing, and to continue such whistling or ringing until the crossing was passed. These contentions of the plaintiff and the defendant gave rise to much disputed evidence on both sides. There was evidence tending to show that the only precaution on the part of the motorman and conductor to avoid collision was the operation of the machinery of the derailing switch, and outside of the exercise of that precaution, those in charge did not look or listen or use other proper precautions to avoid danger from the approach of the locomotive. Some of the evidence shows that an approaching train can be seen from the derailing switch, and from the lever thereof, over two thousand feet away. At least, the facts were such on this point that it was proper to leave them to the jury for their determination. There was also evidence of such a character as required the trial justice to submit to the jury the question

whether contributory negligence had been established on the part of the plaintiff—that is, whether the whistle of the locomotive was sounded or the bell rung, as required by the statute, as the train approached the crossing.  *Gen. Stat., p.* 2669, § 117; *New York, Lake Erie and Western Railroad Co.* v. *Leaman,* 25 *Vroom* 202.

From the record it appears that the jury found that the accident resulted from the negligence of the conductor and motorman in charge of the electric car, and also that the negligence of the engineer in charge of the locomotive contributed to the accident, and a verdict, therefore, was returned in favor of the defendant.

It is needless to go into a discussion of the evidence in this cause, as it is such as to lead the court to the conclusion that the verdict of the jury is not contrary to the evidence, nor against the weight of it, and the court will not determine the comparative negligence of which the parties were respectively guilty.  *Wilds* v. *Hudson River Railroad Co.,* 24 *N. Y.* 430; *New Jersey Express Co.* v. *Nichols,* 4 *Vroom* 434, 439; *Pennsylvania Railroad Co.* v. *Righter,* 13 *Id.* 180.

A question of fact fairly arises upon the plaintiff's negligence, and it was necessary to submit it to the jury.  *Delaware, Lackawanna and Western Railroad Co.* v. *Shelton,* 26 *Vroom* 342; *Delaware, Lackawanna and Western Railroad Co.* v. *Hefferan,* 28 *Id.* 149.

No error of the trial justice in the admission or rejection of evidence has been pointed out, and an examination of the case reveals none; neither was the verdict against the charge of the court to the jury.

The plaintiff selects an excerpt from the charge in respect to contributory negligence, and insists that it was erroneous. The trial justice, in speaking to the jury of the responsibility placed upon the railroad company to ring the bell or sound the whistle of the locomotive continuously for three hundred yards from the crossing of the highway, said : "If the jury believe that the conductor or motorman of the electric car did not see the approaching train, and they would have seen it,

or heard such a signal, if it were given, and avoided the accident in case the bell was rung or the whistle blown, for that distance, the Greenwood Lake road (the plaintiff) cannot recover." This was in effect charging that the plaintiff, in approaching this crossing, was bound to give the statutory signals, and a failure to do so, if it caused or contributed to the accident, was contributory negligence and would prevent a recovery.

It is not perceived that this excerpt of the charge was erroneous.

The court had already fully charged the duties devolving upon the conductor and motorman of the electric car, that they were bound to look, and bound to listen for the approaching train and take other precautions in order to avoid collision, in addition to the duty of exercising the protection of the derailing switch, and that if they saw it or heard it, or under the circumstances ought to have seen it or ought to have heard it, and did not avoid its danger, they were negligent and responsible, and by the part of the charge to which this exception is taken the responsibility of giving the signals required by the statute is imposed upon the plaintiff, and if the failure to give such contributed to the injury, the plaintiff could not recover.

The duty to give this signal was imposed upon the plaintiff company in approaching and crossing this highway, as a warning to all persons, pedestrians or those operating vehicles about to cross, to avoid the dangers. The crossing was, in fact, a highway, and the duty of the railroad was an imperative one in view of that fact. It could not disregard this duty because an electric car was one of the vehicles of carriage using the highway, any more than it could avoid its duty toward a coach or carriage in the use of the highway. If the prescribed signal had been given, then the fact that it was not heard would be of no materiality, for the whole duty of the plaintiff would have been performed and it would not be responsible for any of the results, whatever they might be. The statute imposes the duty, and the omission is negligence.

Wherever the statute is obeyed the duty is absolutely performed, and it would be abnormal to permit the railroad company to elect to select any class of persons or vehicles in the use of the highway towards whom it could neglect its statutory duty. There can be no contention here that the defendant was not in the lawful use of the highway in running its electric cars thereon, under the same principles of law which govern the use of the highway by natural persons for kindred purposes. *Citizens' Coach Co. v. Camden Railroad Co.*, 6 *Stew. Eq.* 267 ; *Newark Passenger Railway Co. v. Block*, 26 *Vroom* 605.

The trial court committed no error in treating the case, in matters of legal principle, as if it was the ordinary case of a traveler or a driver of a vehicle in the lawful use of the highway.

But the plaintiff further contends against the legality of this instruction of the trial court to the jury, on the ground that its responsibility is limited by an express agreement in writing between the parties as to the operation of electric cars over the crossing. The facts appear to be, as shown in the case, that provision was made in the contract, dated May 24th, 1894, for the operation of the derailing switch in the manner prescribed, and that if any train approached within such distance as would render it unsafe for the electric car to proceed, then no such car should pass or attempt to pass such crossing until such approaching train, car or engine had passed over such crossing or come to a full stop before reaching it. This agreement is itself a full answer to the plaintiff's contention as between the electric car and the approaching train that the statutory signal should not be given.

The statute provided they should be given, and this agreement in nowise provides for any default in this duty, which at all times and under all circumstances was an obligatory one. The agreement does provide that the conductor of the electric car should look in both directions for an approaching train. This imposes no greater duty upon the conductor than the general principles of law had already imposed upon

him.   Neither did the agreement provide that the plaintiff should be free from liability to the defendant for the neglect to exercise the care required by the statutes of this state, and even by the terms of the agreement, reasonably interpreted, they were bound to exercise all the precautions required by law for the safe passage of the defendant's car over the crossing.   Although this agreement did provide that the train of the plaintiff should have the right of way, still this agreement goes for little in this respect, for all steam railroads have this same right upon their own private way and road-bed over highways, in respect to all travelers thereon, and to run at such high rate of speed as may be consistent with the safety of the passenger.   This right of way does not excuse a violation of the statute prescribing signals nor furnish any reason against such default being used as evidence of negligence.

· The conclusion is, as a matter of law, that the plaintiff company was bound to give the statutory signals at this crossing as a warning, as well to those operating the electric cars as to ordinary travelers, irrespective of this agreement between the parties, and that there was no error in the trial court in submitting the dispute of fact whether they had been given to the jury as bearing upon the question of whether the contributory negligence of the plaintiff contributed to the accident.

It will be noticed that the declaration in this cause does not aver any neglect on the part of the defendant company to comply with the express agreement as a basis of recovery, and therefore the question whether the agreement is one forbidden by the statute or public policy, is not here at all discussed or determined, and it is not perceived in what manner that question can have any bearing upon the determination of this cause.

The rule to show cause is discharged.