JOHN RUCH v. THE GAS ELECTRIC COMPANY OF BERGEN COUNTY.

Argued June 6, 1900—Decided November 12, 1900.

Whether the striking of a match by the plaintiff to discover where the smell of gas, which he detects, comes from, is negligence which contributes to the injury resulting from an explosion caused thereby, will depend upon the circumstances of the case and is a question for the jury.

In tort. On error to the Bergen County Circuit.

Before DEPUE, CHIEF JUSTICE, and Justices GUMMERE, LUDLOW and FORT.

For the plaintiff in error, *Demarest & De Baun.*

For the defendant in error, *Raymond P. Wortendyke.*

The opinion of the court was delivered by

FORT, J. This was an action for damages for an injury alleged to have been caused to the plaintiff by an explosion of gas discharged from the pipes of the defendant, through the negligence and carelessness of the defendant's agents and servants in leaving the same uncapped, after the removal of a gas meter from the Armory building in the city of Englewood, in the county of Bergen.

The plaintiff was the janitor of the building. It appears by the evidence that the meters were in a closet on the lower floor and were two in number. There were places for three meters, but only two were set up. From the gas discharged through these meters, the Armory building was lighted. On the day of the accident, without the knowledge of the plaintiff, the agents or servants of the defendant had gone into the building and removed one of the meters, because of the failure of some of the tenants to pay a gas bill. That the meter

was rightly removed is not called in question. The only question is as to the negligence of the servants of the defendant in removing it. The plaintiff is a carpenter and is engaged at his trade in the daytime and in charge of the Armory building at night. On the night of the 15th day of July, 1899, the plaintiff went to the building, as was his custom, to light it for use in the evening. He turned the gas on in the chandeliers and endeavored to light them, but discovered they would not burn properly, and states that he knew that something must be wrong; that he then went to see what was the matter, going to where the meters were located, and soon detected the smell of gas. It was dark and he descended the stairway into the small hall, still smelling gas, and went to a side jet and struck a match for the purpose of lighting the gas to enable him to proceed and to see in the closet where the meters were located. As he struck the match to light the gas, the door of the closet from which the gas meter had been taken by the defendant's servants, flew open and an explosion undoubtedly occurred, which the plaintiff is unable to describe, and he was thrown to the floor and his hand burned and he was otherwise injured.

There is but one question in this case—it being admitted that the defendant's servants and agents were negligent in leaving the gas-pipe uncapped, after detaching the meter, thus allowing large quantities of gas to escape into the closet and thence, by the bursting of the door, into the hall—and that is, was the plaintiff guilty of contributory negligence in striking the match? All the other questions in the case are immaterial, and the ruling of the court upon them was unquestionably right, as was also the charge of the judge to the jury. The defendant moved, at the close of the plaintiff's case, for a nonsuit, on the ground of contributory negligence on the part of the plaintiff, and all the court said in deciding this motion was: "I decline to nonsuit on that ground; that is a question for the jury." Was it contributory negligence, *per se,* in this case, for the plaintiff to strike a match to light the gas at the time and in the manner which he did? That appears in our judgment to be a question of fact

for the determination of the jury, and the motion to nonsuit was rightly overruled on that ground.

The plaintiff, in an action for injuries resulting from the negligence of the defendant, is not bound as part of his case to show affirmatively that the injury was not occasioned or contributed to by any negligence on his part. *New Jersey Express Co.* v. *Nichols,* 4 *Vroom* 434.

It does not appear to us that the striking of the match by the plaintiff in this case, when searching to discover the difficulty, was in itself, such a negligent act as to require the court to take the case from the jury and to direct a nonsuit. The defendant had unquestionably produced the conditions which existed, and it had done it through the negligence of its servants, and the plaintiff knew nothing of the condition of affairs, and in striking the match to ascertain the condition he did that which almost any person similarly situated would have done.

The jury found that the plaintiff was not guilty of any negligence which contributed to the injury, and with this conclusion, under all the evidence in the case, we are not inclined to disagree. Where the negligence of the defendant is unquestioned and there is doubt upon the question as to whether the negilgence of the plaintiff contributed to the injury, it is a question for the jury. *New York and Greenwood Lake Railway Co.* v. *New Jersey Electric Co.,* 31 *Vroom* 52; *Connelly* v. *Trenton Passenger Railway Co.,* 27 *Id.* 700; *Pennsylvania Railroad Co.* v. *Middleton,* 28 *Id.* 154; *Mahnken* v. *Freeholders of Monmouth County,* 33 *Id.* 404.

The refusal to nonsuit was proper and we find no error in. the record, and the judgment is affirmed.