LAWRENCE BROWN, BY HIS NEXT FRIEND, DEFENDANT IN ERROR, v. THE PATERSON PARCHMENT PAPER COMPANY, PLAINTIFF IN ERROR.

Argued February 24, 1903—Decided June 8, 1903.

1. In this state there is no statute, or rule established by decisions, limiting the number of times the court may set aside a verdict and grant a new trial because the verdict is against the weight of the evidence, yet a *second concurring verdict,* upon the same state of facts or slightly varying evidence, should cause the court to *hesitate* before granting a third trial.
2. When a second verdict may be set aside and a new trial granted.

---

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices FORT and PITNEY.

For the plaintiff in error, *John B. Humphreys.*

For the defendant in error, *William W. Watson.*

The opinion of the court was delivered by

FORT, J. The plaintiff recovered a verdict in the above-entitled cause for personal injuries. The character of the in-

juries was not controverted, nor is there any contention here that the damages awarded were excessive.

There are no errors found in the charge or the refusals to charge of the learned trial justice.

The only remaining question is whether the verdict should be set aside because against the weight of the evidence.

This is a second trial of the issue in this cause, a former verdict in the cause having been set aside because against the weight of the evidence. *Brown* v. *Parchment Paper Co., 36 Vroom* 111.

While in this state there is no statute, or rule established by decisions, limiting the number of times the court may set aside a verdict and grant a new trial because it is against the weight of the evidence, still a second concurring verdict upon the same state of facts or on slightly varying evidence should cause the court to hesitate before granting a third trial.

The verdict upon a second trial should not be set aside because against the weight of evidence unless the court is satisfied from the evidence in the cause that it must have been the result of (1) the disregarding of the force of the whole range of the unimpeached testimony, or (2) the palpable failure to give proper force to the unimpeached evidence in the cause offered by the party against whom the verdict is found, or (3) the giving to the testimony of the prevailing party a force to which, under the law and the facts, it was not entitled, or (4) the verdict must have been controlled by prejudice, partiality or passion, and not based upon the weighing of the conflicting testimony in the cause.

Judge Allen, speaking for the Supreme Court of Massachusetts, declares that "in this commonwealth there is no rule of law limiting the number of times that a judge may set aside a verdict as against the evidence. On the other hand, it has been recognized that in an extraordinary case the court may set aside any number of verdicts that might be returned." *Clark* v. *Jenkins, 162 Mass.* 397.

We would adopt the same rule, but think a second verdict to be set aside should have in it some one, at least, of the objectionable elements above indicated.

In some of the states there are statutes limiting the right of the court to set aside a second concurring. verdict. In others, such limitation is imposed by a well-settled line of decisions. These cases are gathered and discussed in 14 *Encycl. Pl. & Pr.* 993.

In the case before us there are facts from which the jury could reasonably find for the plaintiff, a boy of fourteen years of age, who was placed to work at a machine, the danger in operating which, if he was told to sprinkle the rollers, as he says he was, should have been pointed out to him. That they were not the jury have found, and they have also found that such dangers were not obvious to a boy of his years and experience. There is evidence from which the jury might have found both these facts the other way, but, as upon both trials in this cause the jury have found these facts in favor of the plaintiff, we think, under the circumstances of the case, the rule to show cause should be discharged.