### COLON FULTON v. GRIEB RUBBER COMPANY.

Argued November 1, 1904—Decided February 27, 1905.

1. The legal rule defining the defendant's duty of inspection announced by this court upon the setting aside of a former verdict for the plaintiff (40 *Vroom* 221), required the nonsuiting of the plaintiff on a second trial, in which the same question was presented.
2. The virtue ascribed to a second concurring verdict by *Brown* v. *Paper Company,* 40 *Vroom* 474, is confined to the effect of the determination by the jury of the weight of conflicting testimony, and does not extend to court questions arising from the admitted or uncontroverted facts of a case.

---

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and GARRETSON.

For the plaintiff, *Martin P. Devlin* and *Linton Satterthwait.*

For the defendant, *Edwin Robert Walker* and *Scott Scammell.*

The opinion of the court was delivered by

GARRISON, J. A previous verdict having been set aside upon the ground (*inter alia*) that the weight of evidence

was against the plaintiff's version of the way in which his accident happened, the present verdict will not be disturbed upon that ground. *Brown* v. *Paper Company*, 40 *Vroom* 474.

The other reason assigned by the court for setting aside the former verdict (40 *Vroom* 221) was that the defendant, in failing to inspect a new electric light cord within three months after its installation, neglected no duty that it owed to the plaintiff. On each trial the verdict of the jury was that this cord, by which was suspended an incandescent lamp bulb, four feet from any object with which it could come in contact, was, on the occasion of the plaintiff's injury, blown by a breeze against an iron pipe that distance away, so that the cord, at a point where its insulation had been worn off, about a foot above the lamp, came in contact with the pipe, thereby transmitting the current to a mill on which the plaintiff's hand was resting, thereby causing plaintiff's hand to slip between the rollers he was operating.

Assuming the accident to have happened in this way, it further appeared, without contradiction, that the lighting system had been newly and properly installed three months before, and that since its installation this cord had not been inspected. Upon this latter branch of the case 'the court, on the former rule, held that an inspection of this cord was not called for, in the exercise of reasonable prudence by the defendant or in view of any contingency that it ought reasonably to have anticipated. Reasonable prevision, it was held, would not have foreseen that the cord would be blown by the wind so as to come in contact with an object four feet away, still less that the cord would so constantly come into such contact as to wear off its insulation without breaking the lamp or giving any other indication by which so extraordinary a condition would be brought to the attention of the master or its representatives.

The same conditions having been shown at the second trial, the legal rule so announced should have been applied. The extraordinary occurrence at the time the plaintiff received his

injury is established by the second verdict of the jury in his favor, but the degree of foresight that would have anticipated such extraordinary occurrence remains the same as upon the former rule, viz., a degree of foresight that was not required of the defendant, whose duty was to exercise reasonable prudence, and in this sense that which is beyond what is ordinary is beyond what is reasonable.

The application of this previous ruling to an uncontroverted state of facts presented a court question, the review of which is unaffected by the rule of Brown *v.* Paper Company respecting the force to be given to a second concurring verdict. The doctrine of that case is confined to determinations by juries of the weight of conflicting testimony, and has no application to court questions arising from the admitted or uncontroverted facts of a case.

The testimony as to factory inspection admitted at the second trial does not touch this situation or vary its legal aspect as presented and ruled upon the former rule. The decision then pronounced was the law of the case, which upon the second trial required the granting of the nonsuit for which the defendant moved at the close of the plaintiff's testimony.

The rule to show cause will be made absolute.