MARGARET E. BRINK, ADMINISTRATRIX OF THOMAS P. BRINK, DECEASED, v. NORTH JERSEY STREET RAILWAY COMPANY ET AL.

Submitted June 8, 1908—Decided November 9, 1908.

1. A second verdict for the plaintiff on substantially the same evidence as that adduced on the first trial of this cause (see 46 *Vroom* 219) ordered set aside for the same reason.

2. This court having sent the case back for retrial on the ground that the weight of evidence indicated a cause of the death of plaintiff's intestate wholly unconnected with any negligence of defendant, and the evidence at the second trial being substantially the same, it was error to charge the jury that there was no evidence pointing to such extraneous cause.

---

On rule to show cause.

Before Justices GARRISON, SWAYZE and PARKER.

For the plaintiff, *Jeremiah A. Kiernan.*

For the defendants, *Alvah A. Clark.*

The opinion of the court was delivered by

PARKER, J. This case has been tried twice. After the first trial, a rule to show cause was argued before this court and made absolute, the opinion being delivered by Mr. Justice Reed. 46 *Vroom* 219. That opinion gives an adequate synopsis of the testimony taken on the first trial, which does not materially differ from that now before us. One more witness was sworn, but his testimony elicited no new facts of importance.

Upon the former rule this court held that the plaintiff had failed to sustain the burden of proof resting upon her, of showing that the death of Mr. Brink resulted from injuries inflicted by the car of the defendant. In discussing the evidence the court called attention to the facts that the deceased was lying on the track where he was afterwards struck by the trolley car and apparently in a state of unconsciousness; that the car was stopped after it had pushed the man about four feet; that prior to this accident the wagon in which the deceased was shown to have been driving was seen without a driver proceeding over the same road, Frelinghuysen avenue, parallel with the trolley line, and towards Mr. Brink's home in Elizabeth. There was also testimony of the motorman tending to show that just before the accident he saw two men running from the place where the man lay. The court said:

"It may be conceded that if it were clear that the deceased was uninjured when lying upon the ground just before the collision, it might be inferred that the wound found upon the body (fracture of the skull) must have been caused by the impact of the fender upon his head. But it is not clear that the deceased was free from this wound before the collision. On the contrary, it is in the highest degree probable that his

presence upon the track was attributable to his disabled con·dition resulting from this injury.   *   *   *

"Eliminating volition from the conduct of the deceased, what could have caused his helpless condition? The theory of the counsel for plaintiff is entirely unsatisfactory. If, however, the deceased had already received the brain injury which caused his death, the problem is solved and the cause of his unconsciousness of danger is at once manifest. The deceased might have received his injury from the two men who were seen by the motorman running from the place where the man lay. A more probable theory is that he was injured by falling while attempting to alight from his wagon for some purpose. He may have become chilled and thinking to warm himself by walking, may have tried to step down from the wagon seat and his limbs having become cramped and stiffened by the cold and his sustained position, he stumbled and fell, striking his head against the iron rail of the trolley track. It seems manifest that the injury to the deceased may have occurred in the way suggested and as already observed the fact of the deceased's unconsciousness or helplessness before the impact of the car fender is explicable upon the assumption that the injury did occur in some such way and is explicable upon no other rational theory."

As a result of our examination of the evidence submitted on the second trial we come to the same conclusion as that reached by this court upon the former rule to show cause, namely, that the evidence does not fairly support a finding that deceased came to his death as a result of the impact of the car, but that on the contrary, the weight of evidence tends to show that the injury causing death had been inflicted before the car arrived; and are of opinion that the rule to show cause must be made absolute on this ground.

It is true that a second concurring verdict on the same state of the evidence should cause the court to hesitate before granting a third trial. *Brown* v. *Paterson Paper Co.,* 40 *Vroom* 474. But this case falls within the classes of cases mentioned in that decision as justifying the award of a third trial.

But aside from this we think there was error in the court's charge. It will appear from the portion of the opinion quoted above that it was at least a legitimate inference from the testimony that Brink did not receive the fatal injury from the impact of the car fender, but in some other way, either through the assault of the two men who were seen running away or by having fallen from his wagon and struck his head on the rail. It is plain, therefore, that this was a proper question to submit to the jury.

An examination of the judge's charge on the second trial, however, shows that no such question was submitted, but that on the contrary it was excluded; on this branch of the case the judge charged as follows:

"You must be satisfied by a preponderance of evidence that the plaintiff has made out a case; that the injury from which this man evidently died was caused by a blow struck by the fender of the car. There is no evidence whatever in the case to show that the man had been in any altercation with anyone, or that he had fallen from his wagon, and there is nothing in the case to show at all how he received the blow which caused his death unless it was from the impact of the fender of this car."

As we read this portion of the charge, which is all that we find bearing on this aspect of the case, the jury were instructed that while it was the duty of the plaintiff to satisfy them by a preponderance of evidence that the blow of the car caused the injury, there was no evidence in the case from which they were entitled to infer that the injury occurred in any other way. Such an instruction entirely disregarded the view expressed by this court in setting aside the former verdict, as quoted in part above, and was in our opinion clearly erroneous.

For this reason also the rule to show cause must be made absolute.