CARRIE S. HORANDT, EXECUTRIX, &c., PLAINTIFF IN ERROR, v. CENTRAL RAILROAD COMPANY OF NEW JERSEY, DEFENDANT IN ERROR.

CARRIE S. HORANDT, PLAINTIFF IN ERROR, v. CENTRAL RAILROAD COMPANY OF NEW JERSEY, DEFENDANT IN ERROR.

RUTH HORANDT, BY NEXT FRIEND, &c., PLAINTIFF IN ERROR, v. CENTRAL RAILROAD COMPANY OF NEW JERSEY, DEFENDANT IN ERROR.

REINHARDT BENDER, BY NEXT FRIEND, &c., PLAINT-IFF IN ERROR, v. CENTRAL RAILROAD COMPANY OF NEW JERSEY, DEFENDANT IN ERROR.

Submitted November 16, 1910—Decided March 13, 1911.

1. Plaintiff's intestate, in the first of the above-entitled cases, was killed while driving an automobile at a crossing of defendant's railroad. The conditions existing at the crossing in question are fully described in the Supreme Court opinion in *Horandt v. Central Railroad Co.*, 49 *Vroom* 190. *Held*, that on a second trial in which the evidence was identical with that considered in the reported opinion, a verdict for defendant as against the administratrix of the deceased was properly directed, for the reasons stated in said opinion.
2. The mere fact that the Supreme Court on rule to show cause has seen proper, in the exercise of its discretion, to award a new trial to defendant because of the verdict being against the weight of evidence, will not justify the direction of a verdict for defendant at a second trial, on the same or similar evidence, where a substantial conflict of testimony is presented.

On error to the Supreme Court.

For the plaintiffs in error, *Wayne Dumont* and *Clifford L. Newman.*

For the defendant in error, *Frederick J. Faulks* and *William A. Barkalow.*

The opinion of the court was delivered by

PARKER, J.   The testimony in these four cases, which were tried together, is identical with that passed upon by the Supreme Court on rule to show cause why a new trial should not be granted, in *Horandt* v. *Central Railroad Co.*, 49 *Vroom* 190.   That court ordered a new trial in all four cases, which were submitted at the second trial on the evidence taken at the first one.   The trial judge deeming that the opinion of the Supreme Court was dispositive of all the cases, directed a verdict for defendant in each of them; and this action constitutes the sole ground of attack in this court on the four judgments thus entered.

In the case of Carrie S. Horandt, executrix of Christopher Horandt, deceased, who was driving the automobile, the judgment should be affirmed upon the ground of the contributory negligence of said deceased.   We concur in the view of the Supreme Court that under the circumstances shown to have existed at the time and place of the accident, Mr. Horandt was legally chargeable with notice of the presence of a railroad, and being so chargeable, was guilty of contributory negligence in failing to discover the approaching train in time to avoid collision.   On this phase of the case, I am authorized to say that the latter part of the Supreme Court opinion, pages 196 to 198 of 49 *Vroom,* satisfactorily expresses the views of a majority of this court, and the judgment against the executrix is accordingly affirmed on the grounds therein stated.

With respect to the other three cases we reach a different result.   These plaintiffs were passengers in the automobile, and, consequently, as pointed out in the Supreme Court opinion, not chargeable with the contributory negligence of the driver, nor was any claim made that they were individually negligent.   Was there, then, any question of negligence on the part of the railroad company that should have been submitted to the jury?   On this branch of the case the trial judge construed the Supreme Court opinion as holding that no case for the jury had been made out.   We agree that none was made out on the theory of failure to ring the crossing bell, and none on the theory that the place was one of special danger demand-

ing extra precaution on the part of the railroad company. But we do not think, and do not interpret the opinion as holding, that there was no case for the jury on the absence of statutory signals by bell or whistle. All that we understand that court to have decided on this phase of the case is that the verdict for plaintiff was against the weight of evidence. If it had intended to say that a direction for defendant on this ground was proper, the discussion of contributory negligence in the case of the executrix would have been needless.

Assuming that the Supreme Court rightly decided that the three verdicts in favor of the passengers were against the weight of evidence, the question of omission of statutory signals still remained one for a second jury to pass upon. Whether a second verdict on identical evidence ought to stand or be likewise set aside, is beside the question at present. Suffice it to say that whatever the Supreme Court may have decided as to the preponderance of evidence—a question not cognizable by this court in such a case as this—a substantial conflict of testimony was presented. Nine witnesses, including the three plaintiffs, testified to hearing neither bell nor whistle. True, their evidence was negative, but it is not valueless if, as seems to have been the case, they were near enough to hear a whistle if blown or a bell if rung. They were contradicted by witnesses who said they did hear bell or whistle, or both. Without going into the details of the evidence, we think that a jury question on this point was fairly presented; and that the trial judge erred in treating it on the second trial as a court question. The judgments under review in the three cases of the passengers in the automobile will be accordingly reversed to the end that a *venire de novo* issue in each of said cases.

The judgment in the case of Carrie S. Horandt, executrix, *v.* Central Railroad Company of New Jersey was affirmed by the following vote:

*For affirmance*—THE ·CHIEF JUSTICE, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, BOGERT, VREDENBURGH, VROOM, JJ.   10.

*For reversal*—The Chancellor, Garrison, Minturn, Congdon, JJ. 4.

The judgments in the cases of Carrie S. Horandt, Ruth Horandt and Reinhardt Bender *v.* Central Railroad Company of New Jersey were reversed by the following vote:

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Garrison, Swayze, Reed, Trenchard, Parker, Bergen, Voorhees, Minturn, Bogert, Vredenburgh, Vroom, Congdon, JJ. 14.