DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

# STATE OF NEW JERSEY

NOVEMBER TERM, 1912.

WILLIAM C. SPARGO ET AL., ADMINISTRATORS OF WILLIAM C. SPARGO, DECEASED, PLAINTIFFS-DEFENDANTS IN ERROR, v. CENTRAL RAILROAD COMPANY OF NEW JERSEY, DEFENDANT-PLAINTIFF IN ERROR.

Submitted December 9, 1912—Decided March 3, 1913.

1. While the weight of evidence may appear to show a certain state of facts, yet, where there is evidence tending to show the contrary, a jury question arises, and, there being evidence to support it, the court, on error, is not at liberty to disturb the jury's verdict.

2. Where a question of fact is fairly presented as to decedent's negligence contributing to an accident resulting in his death, that question must, under our decisions, be submitted to the jury.

3. Where at the close of the plaintiff's case there is evidence upon which the jury might find for the plaintiff, the court should not direct a nonsuit; nor should it, at the close of the defendant's case direct a verdict for the defendant on the ground of contributory negligence, where both are disputed questions of fact,— such questions being solely for the jury to determine.

(251)

On error to the Morris Circuit Court.

For the plaintiff in error, *George Holmes* and *William D. Edwards.*

For the defendants in error, *William C. Gebhardt.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. This case was tried before Judge Black and a jury in the Morris Circuit and resulted in a verdict for the plaintiffs, whose intestate, William C. Spargo, was killed by a passenger train at a grade crossing of the Central Railroad Company of New Jersey at Dover, on January 25th, 1911, while driving over the crossing.

Error has been assigned—*first,* that the trial judge erred in refusing to grant a nonsuit; *second,* that he erred in refusing to direct a verdict for the defendant at the close of the case, and *third,* that he erred in admitting certain evidence on the trial.

The motions for nonsuit and direction of a verdict for the defendant were rightly refused.

The case was one of fact, and involved the question as to whether the locomotive which struck the milk wagon in which the deceased was riding had given proper warning of its approach; and also whether the defendant was guilty of contributory negligence.

The General Railroad law (Revision of 1903), *Comp. Stat., p.* 4219, § 35, provides that a bell shall be placed on each engine and rung continuously in approaching a grade crossing of a highway, beginning at a distance of at least three hundred yards from the crossing and continuing until the engine has crossed such highway, or a steam whistle shall be attached to each engine and be sounded, except in cities, at least three hundred yards from the crossing and at intervals until the engine shall have crossed the highway. No other audible signals than those prescribed by the statute need be given by a railroad company of the approach of its trains. *New York, &c., Railroad Co.* v. *Leaman,* 25 *Vroom* 202, 207; *Hackett*

v. *New York, Lake Erie and Western Railroad Co.,* 29 *Id.* 4. And obedience to the statutory regulations with reference to audible signals will exonerate a railroad company from liability for a collision at a crossing arising from the failure to hear such signals even though there be impediments to sight or sound. *West Jersey Railroad Co.* v. *Abbott,* 31 *Id.* 150, 154.

But, in this case, while the weight of the evidence appears to show that both signals, bell and whistle, were duly sounded, yet there was evidence tending to show that neither of these signals had been given. This made a jury question; and we are not at liberty to disturb the jury's finding as there is evidence to support it. *Bennett* v. *Busch,* 46 *Vroom* 240.

The plaintiff in error also argues that the deceased was guilty of contributory negligence, and that therefore a verdict should have been directed for defendant. The defendant concedes that the view was unobstructed for thirty-two feet, and that the train was going twenty-five miles an hour; but there was evidence tending to show that the view was much more restricted and that it was obscured by a grape-arbor and small trees and bushes to within something less than eighteen feet of the tracks, and perhaps further.

It must be apparent, therefore, that a question of fact was fairly presented as to the decedent's negligence, which, under our decisions, it was necessary to submit to the jury. *N. Y. & G. L. Railway Co.* v. *N. J. Electric Railway Co.,* 31 *Vroom* 52, 56. It is, therefore, unnecessary to pass upon the questions raised as to the constitutionality of chapter 278 (*Pamph. L.* 1910, *p.* 490), which provides that in any action against a railroad company for damages for injuries or death occurring at any crossing where the company has not installed safety gates, bell or device employed to warn the traveling public, the plaintiff shall not be nonsuited on the ground of contributory negligence, but it shall be left to the jury to determine whether the person injured or killed was exercising due and reasonable care, &c.

At the close of the plaintiff's case there was evidence upon which the jury could find for the plaintiff, and the court,

therefore, should not have directed a nonsuit; nor should it, at the close of the defendant's case, have directed a verdict for the defendant on the ground of plaintiff's contributory negligence; both were disputed questions of fact, and were solely for the jury to determine. *Walton* v. *Ackerman,* 20 *Vroom* 234.

This disposes of both the motion to nonsuit and direct a verdict. The other errors assigned we find to be without substance, and the judgment must therefore be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GAR-RISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, TREACY, JJ. 13.

*For reversal*—None.