JOEL DICKINSON, PLAINTIFF-APPELLANT, v. ERIE RAILROAD COMPANY, DEFENDANT-RESPONDENT.

Argued November 24, 1913—Decided March 16, 1914.

1. ·A trial judge is only justified in granting a nonsuit or directing a verdict upon a court question arising from the admitted or uncontroverted facts of a case, and the weight of conflicting testimony must always be submitted to a jury for their consideration and determination.
2. Because the Supreme Court has granted a new trial where a verdict was rendered against the weight of the evidence, the direction of a verdict at the second trial on the same or similar evidence, where a substantial conflict of testimony is present, will not be justified.
3. A second concurring verdict upon the same state of facts or slightly varying evidence will cause the court to hesitate before granting a third trial.
4. Conflicting testimony is always for the jury.

---

On appeal from the Supreme Court.

For the plaintiff-appellant, *Herbert Clark Gilson.*

For the defendant-respondent, *Cortlandt & Wayne Parker.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. The plaintiff sued to recover damages on account of personal injuries and loss of his automobile while attempting to avoid a collision with defendant's train at Howells, New York, on July 31st, 1909. The first trial resulted in a nonsuit which was reversed by this court. *Dickinson* v. *Erie Railroad Co.,* 52 *Vroom* 464. At the second trial a verdict in favor of the plaintiff was rendered, which was set aside by the Supreme Court on rule to show cause on the ground that the weight of evidence showed that the plaintiff was guilty of contributory negligence. *Per curiam,* filed November 21st, 1912. The third trial resulted in a direction of a verdict in favor of the defendant on the ground that the evidence was substantially the same as the testimony on the second trial. This appeal was taken from the judgment entered on that verdict.

In directing a verdict for the defendant on the trial now under review, Judge Adams, speaking of the testimony in the case, said:

"It seems to me to be substantially the very same testimony as it was before, and I cannot conceive that there would be the slightest probability that the Supreme Court, if it were called on to review this case again, would not find that it was substantially and essentially identical with the case on the last trial.

"Taking that view of the case, I take it to be my duty to grant this motion and direct a verdict for the defendant."

The learned trial judge in directing a verdict for the defendant proceeded upon the assumption that the Supreme Court on rule to show cause would have granted a new trial if the verdict had again passed for the plaintiff.

But by the rule laid down in *Brown* v. *Paterson Paper Co.,* 40 *Vroom* 474, a second concurring verdict, upon the same state of facts, or slightly varying evidence, would cause the court to hesitate before granting a third trial.

The Circuit judge was not, however, confronted with the proposition of granting a rule to show cause why a verdict should not be set aside and a new trial granted. What he was

asked to do, and what he did, was to take away from the jury a jury question; and that was error.

A trial judge is only justified in granting a nonsuit or directing a verdict upon a court question arising from the admitted or uncontroverted facts of a case. The weight of conflicting testimony should always be submitted to a jury for their consideration and determination. *Fulton* v. *Grieb Rubber Co.,* 43 *Vroom* 35.

As was said by this court in *Uvalde Paving Co.* v. *Central Stock Yards Co.,* 55 *Vroom* 297 (at *p.* 301) :

"To warrant a nonsuit at the trial or the direction of a verdict, something more than the mere weight of the evidence must be involved. A verdict that is against the weight of evidence is sufficiently controlled by the subsequent power of the court over its own verdicts; if concurring verdicts on the same evidence will not be permitted to stand, it is because something more is involved."

It has been held in this state that because the Supreme Court has granted a new trial where a verdict was rendered against the weight of the evidence, the direction of a verdict at a second trial on the same or similar evidence, where a substantial conflict of testimony was present, would not be justified. *Horandt* v. *Central Railroad Co.,* 52 *Vroom* 488.

Conflicting testimony is always for the jury. See *Fulton* v. *Grieb Rubber Co., ubi supra; Spargo* v. *Central Railroad Co.,* 55 *Vroom* 351; *Nixon* v. *Nixon, ante p.* 380; *Napodensky* v. *West Jersey and Seashore Railroad Co., ante p.* 336.

The judgment under review should be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Bogert, Congdon, White, Heppenheimer, JJ.    12.